

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| IN RE | ) |
| | ) |
| SANDRA C. GRAVES, | )   CASE NO. 08-80258-G3-11 |
| | ) |
| Debtor, | ) |
| | ) |

MEMORANDUM OPINION

The court has considered the "Debtor's Application to Approve Employment of Special Counsel" (Docket No. 25) and the "Debtor's Application to Approve Employment of Special Counsel" (Docket No. 31). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting both applications. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Sandra C. Graves ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on June 3, 2008. Debtor remains a debtor in possession. Debtor's attorney in the instant Chapter 11 case is Richard L. Fuqua, II.

Together with the petition, Debtor filed schedules A, B, D, E, F, and G. (Docket No. 1) On July 3, 2008, Debtor filed schedules C, H, I, and J. (Docket No. 28).

Debtor scheduled an ownership interest in eight parcels of real property, plus the property she claims as homestead, with an aggregate value of $2,407,000. Debtor also scheduled an ownership interest in personal property, in the aggregate value of $366,279.35. The personal property scheduled by Debtor includes listings "to be determined" as to items, and "unknown" as to value for wearing apparel, furs and jewelry, animals, and other personal property. The personal property scheduled by Debtor includes ownership of All The Little Things Count, LLC, which Debtor valued at $200,000. (Docket No. 1).

Debtor's schedule I indicates monthly income of $31,000, of which $19,000 is scheduled as Debtor's wages, and $12,000 is scheduled as income from operation of a business. Debtor's schedule J indicates expenses of $34,337.63 per month, including $15,319.75 in expenses from operation of a business, and $10,782.83 in "personal expenses." The business expenses listed include mortgage payments on six parcels of real property, plus payments on two business lines of credit. The personal expenses appear to include the mortgage on the property listed as Debtor's homestead, payments on another mortgage, and items for "Lots," "Legal Fees," and "Misc."

Debtor's schedule D indicates secured debts in an aggregate amount of $1,330,297, almost all of which is listed as secured by various parcels of real property. Debtor's Schedule F

2

indicates unsecured debt of $1,000,240.35.[1]

Prior to the date of filing of the petition in the instant case, Debtor and Michael Tomlinson were divorced, after an 18 day jury trial before the County Court No. 2 of Galveston County, Texas.  In the divorce decree, entered on April 16, 2008, Tomlinson was awarded, <u>inter alia</u>, the real property Debtor lists as her homestead in the instant case, and three other parcels of real property which Debtor lists on schedule A.  Tomlinson was awarded judgment against Debtor for $200,000 of his attorney fees from the divorce proceeding.  The jury found that the reasonable value of Debtor's attorney's services was $540,000.  (Tomlinson Exhibit 1).

In the divorce proceeding, Debtor was represented by the law firm of Looper, Reed & McGraw, P.C., ("LRM") with Jack H. Emmott III as the attorney in charge.  Emmott testified that Debtor owes LRM $225,406.71 in fees from the divorce proceeding.

In the instant applications, Debtor seeks to employ LRM as special counsel to represent her with respect to post-trial motions in the divorce court, and also seeks to employ McCurley, Orsinger, McCurley, Nelson & Downing ("MOMND"), with Richard Orsinger as attorney in charge, as special counsel to represent her in an appeal from the divorce decree and other judgments

---

[1] Fourteen proofs of claim are on file.  Only one, filed by McColl & McColloch, PLLC, in the amount of $25,000, indicates that Debtor was in arrears on the petition date.

entered by the divorce court.

Orsinger testified that MOMND received a $30,000 retainer from Debtor prepetition.  Orsinger's undated disclosure of compensation attached to the application to employ MOMND indicates that the firm holds a retainer balance of $25,937.50.  He testified that MOMND's retainer is a refundable retainer, earned as services are rendered.

Debtor's bankruptcy counsel stated that Debtor is in support of the instant applications to employ.  The instant applications are opposed by Tomlinson.

## Conclusions of Law

Under Section 541(a) of the Bankruptcy Code, the commencement of a voluntary case creates an estate, comprised (with exceptions not pertinent to the instant applications) of all legal or equitable interests of the debtor in property as of the commencement of the case.  11 U.S.C. § 541(a)(1).

Section 1107(a) of the Bankruptcy Code gives a debtor in possession the rights and powers of a trustee.  Section 1107(b) of the Bankruptcy Code provides:

> Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.

11 U.S.C. § 1107(b).

Section 327(e) of the Bankruptcy Code permits the trustee, with the court's approval, to:

> employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

To "hold an adverse interest to the estate" has been defined as follows: (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate.  In re West Delta Oil Co., 432 F.3d 347 (5th Cir. 2005), citing In re Roberts, 46 B.R. 815 (Bankr. D. Utah 1985).

Courts have allowed the employment of counsel who represented debtors prepetition, notwithstanding their holding of prepetition claims, if they hold no interest adverse to the estate.  In re EBW Laser, Inc., 333 B.R. 351 (Bankr. M.D.N.C. 2005); In re French, 111 B.R. 391 (Bankr. N.D.N.Y. 1989).  See also In re Southern Kitchens, Inc., 216 B.R. 819 (Bankr. D. Minn. 1998).

With respect to an individual Chapter 11 debtor, the interests of the estate and of the debtor may not always coincide.  For example, if the estate is insolvent, then each dollar paid for administrative expenses reduces the distribution to other creditors.  If the estate is solvent, then each dollar paid to creditors reduces the amount to be retained by the individual debtor at the conclusion of the case.

In the instant case, it appears that the estate may be solvent.  Moreover, it appears that the efforts of the proposed trial and appellate special counsel in the instant case would be directed primarily toward increasing the value of the estate, whether the estate is distributed entirely to creditors or retained by Debtor.  The court concludes that neither LRM nor MOMND hold or represent an interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

With respect to the question of whether employment of the two firms is in the best interest of the estate, it appears that the activities of the firms will be directed toward maximizing the value of the estate.  However, the applicants should be cautious in assuring that the services they render are of benefit to the estate, and not merely to the individual debtor.  The court will consider, when applicants file their fee applications, whether the services were reasonably likely to

benefit Debtor's estate or necessary to the administration of the case.  <u>See</u> 11 U.S.C. § 330(a)(4)(A)(ii).  The court concludes that neither LRM nor MOMND is disqualified from representing the estate.

Based on the foregoing, the court will enter a separate Judgment granting the "Debtor's Application to Approve Employment of Special Counsel" (Docket No. 25) and the "Debtor's Application to Approve Employment of Special Counsel" (Docket No. 31).

Signed at Houston, Texas on September 4, 2008.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE